STATE, SIMON A. CUMMINS, PROSECUTOR, v. ZACHARIAH JONES, COLLECTOR, &c., OF THE TOWNSHIP OF OXFORD.

In view of the act of April 17th, 1876, (*Rev.*, *p.* 1163,) no claim for deduction from taxation on account of any debt secured by mortgage upon lands within the state can be allowed by any other than the assessor of the place wherein the lands are situate, and if such claim be made to and allowed by him, then, in lieu thereof, he is to assess the mortgage debt, and the tax so levied is to be collected by the collector in and for the same municipality.

On *certiorari*. In matter of taxation.

The following facts are agreed upon by counsel in this case, and upon which the court are to decide :

Simon A. Cummins, the prosecutor, lives in the township of Independence, county of Warren. He holds a mortgage

for $10,000 on lands situated in the township of Independence. Selden T. Scranton owns the farm in Independence township upon which this mortgage is a lien. The title to the lands is in him. He lives in the township of Oxford, county of Warren.

Mr. Scranton claimed a deduction of the assessor of the township of Oxford for the amount of this mortgage, as a debt "due and owing" by him. It was allowed by the assessor.

The assessor of Oxford, who made the deduction which was claimed by Mr. Scranton, assessed this mortgage against the prosecutor, Simon A. Cummins. Mr. Scranton was assessed for these lands, as the owner thereof, by the assessor of Independence township, and paid the tax to Independence township.

The question to be decided is whether, under the act of 1876, (*Rev., p.* 1163,) this tax can be collected by the collector of Oxford township against the prosecutor, who lives in Independence township, where the land lies, which is described and set forth in the mortgage of the prosecutor, and on which mortgage the tax is claimed.

The tax assessed on this mortgage remained unpaid for the space of sixty days, and then the collector of the township of Oxford made out a list of the names of delinquents, under section three of the act of 1876.

The prosecutor appeared before commissioners of appeal, upon notice, but they refused to take off tax, and then proceedings were taken as above.

Argued at November Term, 1877, before Justices SCUDDER, DIXON and REED.

For the prosecutor, *J. G. Shipman.*

For the defendant, *W. H. Morrow.*

The opinion of the court was delivered by

DIXON, J. Upon the facts stated in this case, it is settled that, save for the act of April 17th, 1876, (*Rev., p.* 1163,)

the deduction because of the mortgage debt must have been claimed, at least in the first instance, in the township where the person claiming it resided, *i. e.*, Oxford. *State* v. *Pearson*, 4 *Zab.* 254; *State* v. *Grey*, 5 *Dutcher* 380; *State, Force, pros.*, v. *Williamson*, 4 *Vroom* 77; *State, Perkins, pros.*, v. *Bishop*, 5 *Vroom* 45; *State, Shreve, pros.*, v. *Crosley*, 7 *Vroom* 425.

The statute just cited enacts that "no mortgage, or debt secured thereby, shall be assessed for taxation, unless a deduction therefor shall have been claimed by the owner of the land, and allowed by the assessor;" and that such mortgages, or debts secured thereby as shall be subject to taxation, shall be assessed for taxation by the assessor making the deduction on account thereof, and the tax thereon shall be collected by the collector of taxes in and for the township or city wherein the lands in the mortgage described are situate."

The effect of this enactment is, I think, to change the city or township wherein the deduction must be claimed, from that in which the claimant resides to that in which the mortgaged lands are located.

This appears from several considerations. In the first place, there is the explicit command of the statute that the tax assessed is to be collected by the collector of the city or township where the lands lie; and in our system of taxation no provision is made by which a tax assessed in one municipality can be certified by the assessor to the collector of another municipality, and be by him collected. Each assessor delivers his duplicate of assessment to the collector within his own jurisdiction. Hence the designation of the collector who is to collect a tax is virtually a designation also of the assessor who is to assess it.

Secondly, the statute directs that the tax is to be collected for the township or city wherein the land lies, and this affords a reason, *ab inconvenienti*, against the idea that the assessor of any other place is to impose it; for the rate of taxation in each locality can be fixed only by a comparison of the value of the ratables with the amount to be realized. And the value of the ratables in a given locality cannot be ascertained

by its assessor, if there may be, all over the state, mortgages subject to taxation for its benefit, as to which there are for him no means of information. Moreover, if the assessor of the district where the land-owner resides is to allow the deduction and tax the mortgage, then the assessment on the realty will remain upon the full valuation of the property; and not only will that assessment, but also the assessment upon the mortgage, go to the municipality embracing the land. So it will reap a double taxation at the expense of the *locus domicilii*. The counsel for the defendant seeks to evade this result by insisting that the clause requiring the tax to be collected by the collector in and for the city or township wherein the lands are situate, does not mean that the tax shall go to the benefit of such city or township, but merely designates the collecting officer. If this be conceded, then there is no provision for ascertaining the beneficiary of the tax. The mortgage taxed is owned in one jurisdiction, the assessment is levied in another, and the tax is received in a third. Which has the best claim to the proceeds? I do not think the legislature intended to perplex the courts with the logical solution of this problem. It is solved by the words of the act, "the tax shall be collected for the city or township wherein the lands described in the mortgage are situate;" and in order that there may not be double taxation of the property represented by that mortgage, for the benefit of that township or city, no tax shall be imposed on the mortgage, unless the owner of the lands shall, in that jurisdiction, claim a deduction from the tax upon the land because of the mortgage debt.

The same interpretation of the act receives corroboration from the language of the first section. The deduction is to be claimed by *the owner of the land*. Under the previous law, the deduction must have been claimed by the *individual owing the debt*, and since, as an individual, he was taxed nowhere except in the place of his residence, only there could he claim the deduction. But as the owner of land, he is subject to taxation only where the land is situate, and conse-

quently, by parity of reasoning, only there can he, as such owner, demand the statutory allowance.

In view, therefore, of this act, no claim for deduction, on account of any debt secured by mortgage upon lands within the state, can be allowed by any other than the assessor of the place wherein the lands are situate; and if such claim be made to and allowed by him, then, in lieu thereof, he is to assess the mortgage debt, and the tax so levied is to be collected by the collector of the same municipality, in the mode provided by law.

The tax imposed in this case by the assessor of Oxford was unlawful, and must be set aside.